Commonwealth *v.* Derstine, Appellant.

Argued June 11, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*J. Lawrence Grim, Jr.,* with him *Grim & Grim,* for appellant.

*Ward F. Clark,* First Assistant District Attorney, with him *William J. Carlin,* District Attorney, for appellee.

OPINION PER CURIAM, September 17, 1964:

The judgment of sentence of the court below is affirmed on the excellent opinion of Judge JOHN P. FULLAM reported in 33 Pa. D. & C. 2d 706 (1964), and it is ordered that appellant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with his sentence or any part of it which had not been performed at the time the appeal was made a supersedeas.

DISSENTING OPINION BY MONTGOMERY, J.:

I believe that the purpose of the Small Loans Act was to regulate only the business of making small loans and not isolated transactions. The act uses the word

"business" innumerable times. For example, it provides that the Secretary of Banking may reject any application for license if the qualifications of the applicant do not "command the confidence of the community" and do not "warrant the conclusion that the business will be honestly transacted in accordance with the intent and purpose of this act, . . ." The activity of the licensee is referred to as occurring at his "place of business" and his license is to be posted "where the business is conducted." The Secretary of Banking at least once a year investigates the "business and affairs" of every licensee and he makes general rules and regulations for the "proper conduct of the business contemplated by this act, . . ." Moreover, the title to the act reads, "An Act regulating the business of loaning money . . . ." This is a penal statute, which should be strictly construed. Before any conviction under it the Commonwealth should prove that the defendant is in the business of making small loans.

It is my opinion that in these cases the Commonwealth also should prove beyond a reasonable doubt that the borrower was an individual "pressed by lack of funds to meet immediate necessities." The title of the act clearly limits the coverage of the act to loans of this nature. I disagree with the majority's view that any court may take judicial notice of the fact that no reasonable person would borrow $300 or less at usurious interest unless he were in need of what are considered to be necessities. My experience of our times teaches me the opposite.

Therefore, I would grant the motion in arrest of judgment.